**UNITED STATES DISTICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

CHRISTOPHER GREGORY,

      Plaintiff,

                                      Case:

v.

                                        Hon:

CITY OF ROMULUS and CITY OF
ROMULUS POLICE DEPARTMENT,

      Defendants,

_____

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 940-5848
sbatey@bateylaw.com
_____

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Christopher Gregory, by and through his attorneys Scott P. Batey and the Batey Law Firm, PLLC and for his Complaint against Defendants, states as follows:

1.    Plaintiff, Christopher Gregory (hereinafter "Plaintiff"), is a resident of the Royal Oak, County of Oakland and State of Michigan.

2.      Defendant, City of Romulus is a governmental agency who is duly authorized to do business in the County of Wayne, State of Michigan.

3.      Defendant, City of Romulus Police Deprtment is a governmental agency who is duly authorized to do business in the County of Wayne, State of Michigan.

4.      Venue is proper in the District Court for the Eastern District of Michigan pursuant to 28 USC §1391(b) and (c).

5.      This Honorable Court has subject matter jurisdiction under 28 USC § 1331, and pendent jurisdiction over Plaintiff's state law claims under 28 USC §1367.

6.      The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

7.      Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendants constituting unlawful disability discrimination in violation of the American with Disabilities Act of 1990 ("ADA"), and the Michigan Persons with Disabilities Civil Rights Act, MCLA §37.1101, *et seq*. ("PWDCRA) and which resulted in emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

8.      Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

2

9.      Claimant began his employment with Defendants in and has been most recently employed as a Police Officer.

10.     At all times Plaintiff has suffered from a knee injury which substantial interferes with major life activities like walking, running, standing and sitting and are disabilities under the ADA.

11.     Plaintiff initially injured his knee on duty, underwent surgery and returned to work light duty doing desk work.

12.     On December 6, 2025 Plaintiff injured the other knee and saw an Orthopedic Surgeon on December 8, 2025 who told me Plaintiff needed surgery and he took me off of work.

13.     Plaintiff spoke with the doctor the next day and he returned him to work under my prior light duty accommodations, but Defendants refused to accommodate him falsely claiming Plaintiff was deceptive.

14.     Plaintiff was terminated for requesting a reasonable accommodation for his disability.

15.     Defendants refused to accommodate Plaintiff under the ADA and PWDCRA.

16.     As all times relevant Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

17. During Plaintiff's employment he was harassed and discriminated against due to his disability and the need to be accommodated whenever his disability flared up, creating a hostile and offensive work environment.

18. Plaintiff was harassed and discriminated against and subjected to adverse employment actions including termination due to his disability in violation of the ADA and PWDCRA.

19. On February 24, 2026 Plaintiff filed a Charge of Discrimination with the EEOC Charge Number 471-2026-03272.

20. On April 23, 2026 the EEOC issued a Right to Sue letter.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT ("ADA")

21. Plaintiff incorporates by reference paragraphs 1 through 19 of the Complaint as though fully set forth herein.

22. At all times relevant Plaintiff has suffered from a knee injury which substantial interferes with major life activities like walking, running, standing and sitting and is a disability under the ADA.

23. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability.

4

24.     Plaintiff's disability was a factor in Defendant's employment decisions, including, termination.

25.     Defendants employers within the meaning of the ADA.

26.     Plaintiff has been subjected to discriminatory and retaliatory treatment based upon his  disability, his  perceived or regarded disability, and his  numerous requests  for  accommodations,  by  Defendants,  their  employees  and  agents  to  the point where his  status as an employee has been detrimentally affected and she was terminated by Defendants.

27.     Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

28.     Defendants and their agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a.     Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for his  disability; and

    b.     Violating the laws against discrimination by terminating Plaintiff based exclusively upon his  disability.

29.     Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a.     Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and

with particular reference to enforcing laws against discrimination in the workplace;

b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees; and

e. Terminating Plaintiff based upon his disability.

30. As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of Defendants, and their agents and employees.

31. As a result of Defendants' conduct which were committed malice and a complete disregard for Plaintiff's rights, Plaintiff is entitled to punitive damages.

32. Because of the unlawful conduct of Defendants, and their agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, plus punitive/exemplary

damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

**COUNT II**
**VIOLATION OF THE MICHIGAN PERSONS**
**WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.***

33.     Plaintiff incorporates by reference Paragraphs 1 through 31 above as though more fully set forth herein.

34.     Plaintiff suffers from suffered from a knee injury which substantial interferes with major life activities like walking, running, standing and sitting and is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

35.     Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his  employment by his  employer and/or supervisors based upon his  disability.

36.     Plaintiff's disability was a factor in Defendants' employment decisions, including, but not limited to refusing to accommodate him and terminating him.

37.     Defendants are employers within the meaning of the PWDCRA.

38.     Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon his  disability by Defendants, their employees and agents to the point where his  status as an employee has been detrimentally affected and she

7

was refused to be reasonably accommodated by Defendants and was terminated by Defendant.

39.    Plaintiff is entitled to exemplary and compensatory pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

40.    Defendants and their agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

b. Failing to refrain from creating a hostile work environment based on Plaintiff's disability;

c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards him was unlawful; and

d. Preventing Plaintiff from having full and fair opportunities to his employment based upon his  disability.

41.    Defendants owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

42.    As a direct and proximate result of Defendants' harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendants to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

a.    Economic damages;

8

b.    Mental anguish;

c.    Fright;

d.    Embarrassment;

e.    Outrage;

f.    Anxiety;

g.    Emotional distress;

h.    Loss of self-esteem; and

i.    Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, MI 48025
    (248) 540-6800-telephone
    (248) 940-5848-fax
    sbatey@bateylaw.com

Dated:  July 20, 20226

## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Christopher Gregory, by and through his attorneys,

Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury

on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated:  July 20, 2026

10